UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>v.<br><br>REAL PROPERTY KNOWN AS 5904 AND 5908 GRASSHOPPER ROAD, BIRCHWOOD, TENNESSEE, et al.,<br><br>                            Defendants. | Case No.: 17-CV-500 JLS (WVG)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(ECF No. 16) |

      Presently before the Court is Defendants Jimmy Collins's, Ashley Collins's, and Collins Family Farms' Joint Motion to Dismiss the Government's Complaint for Forfeiture ("MTD"). (ECF No. 16). The Court vacated the hearing on the motion and took it under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 18.) Plaintiff United States of America never filed an opposition to Defendants' Motion to Dismiss.

      Civil Local Rule 7.1(e)(2) states that "each party opposing a motion . . . must file that opposition . . . with the clerk and serve the movant or the movant's attorney not later than fourteen (14) *calendar* days prior to the noticed hearing." (Emphasis in original.) As a corollary, Civil Local Rule 7.1(f)(3)(c), entitled "Waiver," states that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure

may constitute a consent to the granting of a motion . . . ." Further, case law establishes that "[b]efore dismissing the action, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (internal quotation marks omitted).

Plaintiff did not file any opposition to Defendants' Motion to Dismiss despite having an opportunity to do so. Indeed, Defendants' motion contains a proof of service indicating that Plaintiff was served with their motion. (*See, e.g.*, ECF No. 16, at 3[1] (proof of service).) In addition, the Motion to Dismiss reflects that the hearing on the motion was noticed for July 20, 2017 at 1:30 p.m. (*Id.* at 1.) And there is no other indication that Plaintiff was otherwise unable to respond. The Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and the "risk of prejudice to the defendant" weigh in favor of granting the Motion to Dismiss on the grounds that Plaintiff has failed to file any opposition. *Ghazali*, 46 F.3d at 53. Accordingly, given Plaintiff's failure to file an opposition in compliance with the local rules, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 16). *See, e.g.*, *id.* ("Failure to follow a district court's local rules is a proper ground for dismissal.").

///
///
///
///
///
///
///

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

# CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 16). Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1). Plaintiff **SHALL FILE** an amended complaint, if any, <u>on or before fourteen days from the date on which this Order is electronically docketed</u>. *Failure to file an amended complaint by this date may result in this case being dismissed with prejudice.*[2]

**IT IS SO ORDERED.**

Dated: August 3, 2017

*Hon. Janis L. Sammartino*
United States District Judge

---

[2] In addition, the Court notes that a future failure to oppose a motion to dismiss may result in a dismissal of the complaint with prejudice.